BRAKENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 W. Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WADE SPENCER       Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-1272 |
| | ) | |
| NEWELL BRANDS, INC. | ) | |
| | ) | |
|       Defendant | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Wade Spencer ("Wade"), for his cause of action against Defendant Newell Brands, Inc. ("NBI"), states and alleges as follows:

**Parties**

1.    Wade is a resident of the State of Georgia and resides in Cartersville, Georgia.

2.    NBI is a Georgia corporation authorized to transact business in Kansas.  NBI may be served with process by service upon its resident agent, Corporation Service Company, 2900 S.W. Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

**Jurisdiction**

3.    The Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 12101 *et seq*.

**Venue**

4.    Venue is proper in the District Court for the District of Kansas pursuant to 28 U.S.C. § 1391.

**Allegations of Fact**

5.    Wade is a 47-year-old man who was previously employed as a journeyman tool and die maker by NBI, which does business in Wichita, Kansas as The Coleman Company.

6.    Wade suffers from degenerative disc disease and had applied for and received intermittent leave under the Family Medical Leave Act ("FMLA") in approximately mid-2020. Wade's back condition qualifies as a disability under the Americans with Disabilities Act ("ADA").

7.    Wade's FMLA leave expired, and he requested to renew his intermittent leave sometime early in 2021. He received a letter from MetLife Disability dated March 13, 2021, confirming his request for FMLA leave. Before his FMLA eligibility could be confirmed, however, he was terminated on March 16, 2021, for alleged excessive attendance violations.

8.    NBI claimed that Wade had accrued 10 points with 4 of those points relating to absences on February 17, 2021, and March 10, 2021. With respect to the prior absence, Wade lost power at his house and due to the temperature, his family had to stay in a hotel and he was unable to timely report this absence. Wade was led to believe that this absence would be excused and received no notification that this incident would count against him, however, until he was terminated approximately one month later.

9.    The latter absence, on March 10, 2021, was related to Wade's back condition for which he had previously been receiving FMLA leave. As indicated above, Wade had previously requested renewal of his FMLA leave which was still being reviewed.

10.    Wade was only 3 days from having his March 19, 2020, tardy drop off of his record, which would have left him in compliance with NBI's attendance policy.

11.    Wade's termination was in violation of the FMLA and the February 17, 2021, absence should not have been counted against him.

12.    NBI terminated Wade as a result of an actual or perceived disability in violation of the ADA.

13.    As a result of Wade's wrongful termination, he has suffered lost wages, benefits and significant emotional distress.

14.   Wade has exhausted his administrative remedies.

**Theories of Recovery**

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**

15.   Wade realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above.

16.   NBI's actions constitute a violation of the ADA and entitle Wade to damages.

**COUNT II**
**FAMILY AND MEDICAL LEAVE ACT**

17.   Wade realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above.

18.   NBI's actions constitute a violation of the FMLA and entitle Wade to damages.

WHEREFORE, Wade respectfully requests that the Court enter judgment in his favor and against NBI in an amount in excess of $75,000.00; that the Court award him reasonable attorneys' fees; that the costs of this action be assessed against NBI; and, that the Court grant such other and further relief as it deems fair and equitable in the circumstances.

RESPECTFULLY SUBMITTED,

/s/ Larry G. Michel          #14067
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHTD.
119 W. Iron Avenue, 7th Floor
PO Box 2567
Salina, KS 67402-2567
T:   (785) 825-4674
F:   (785) 825-5936
E:   lmichel@kenberk.com
*Attorneys for Plaintiff*

*Wade Spencer vs. Newell Brands, Inc.*
*Complaint*
*Page 4*

## DEMAND FOR TRIAL BY JURY

Wade hereby requests pursuant to Fed.R.Civ.P. 38(b) that all issues of fact be tried to a

jury.

/s/  Larry G. Michel

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D. Kan. Rule 40.2, Wade designates Wichita, Kansas as the place of Trial.

/s/  Larry G. Michel